U.S. DIST. COURT EAST DIST. WISC.
FILED
AUG - 8 2006
AT_____ O'CLOCK_____ M
SOFRON B. NEDILSKY

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TY SCHISSEL,

    Plaintiff,

v.                                Case No. 06-C-722

JAMES DOYLE, Governor,
ANGELA RUSSELL, Agency Liaison,
LENARD WELLS, Chairperson, Wisconsin Parole Commission,
and JAMES HART, Commissioner, Wisconsin Parole Commission,

    Defendants.

## ORDER

    Plaintiff Ty Schissel, a Wisconsin state prisoner, lodged this *pro se* civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985. The plaintiff has paid the $350.00 filing fee. By letter of July 24, 2006, he has requested that the court: (1) grant him an extension of time in which to serve the defendants; (2) send copies of the decisions in this case to another inmate who has assisted the plaintiff in preparing his initial pleadings; and (3) confirm that his address has recently changed. Both applications will be addressed herein.

    First, the plaintiff has requested that he be allowed additional time to serve the defendants with a copy of the complaint because his institutional trust account will be unavailable for approximately one month. The Federal Rules provide that service of the summons and complaint is to be made within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). However, prisoners' complaints are not "filed," nor are the defendants notified and served with process, until the district judge finds that they pass the statutory screen under 28 U.S.C. § 1915A. *Ford*

*v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004).

In this case, the complaint has not been screened pursuant to § 1915A and therefore it has not been "filed" for purposes of Rule 4. The plaintiff is advised that the complaint has been placed on the court's calendar and will be screened as quickly as possible. Once the complaint has been screened, the plaintiff will be provided a copy of the court's order. The plaintiff will then have 120 days in which to serve the defendants. *See* Fed. R. Civ. P. 4(m). Accordingly, an extension of time is not necessary at this time and the plaintiff's request will be denied.

The plaintiff has also asked that copies of "all court decisions, directives, etc." be sent to James R. Schultz, an inmate at Stanley Correctional Institution who is helping the plaintiff in "the preparation and filing of the initial pleadings." (Plaintiff's Letter of July 31, 2006 at 2). In support of his proposition, the plaintiff states that he and inmate Schultz are confined at different correctional facilities and that this action will be delayed because mail between prisoners at different institutions often takes up to two weeks to process. It is not standard practice to provide copies and postage free of charge to parties in an action, whether they are inmates or not. Further, it is unclear at this time whether the plaintiff will require additional assistance from inmate Schultz. Thus, the court is not persuaded that it is necessary to provide Schultz with copies of the decisions in this case. If in the future the plaintiff desires copies of the decisions in this case, he may obtain them from the Clerk of Court at the rate of 25 cents per page. Based on the foregoing, the plaintiff's request for copies for inmate Schultz will be denied.

Finally, the plaintiff has notified the court that his address has recently changed to: Ty Schissel, #166531, P.O. BOX 4000, New Lisbon, Wisconsin 53950-4000. The enclosed copy of the docket sheet confirms that the court did not send any mail to his former address.

2

Dated at Milwaukee, Wisconsin this 8th day of August, 2006.

BY THE COURT:

WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

3