# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TY SCHISSEL,

        **Plaintiff,**

    v.                                            Case No. 06-C-722

JAMES DOYLE, ANGELA RUSSELL,
LENORD WELLS, and JAMES HART,

        **Defendants.**

## DECISION AND ORDER

        Plaintiff Ty Schissel lodged this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He alleges that the defendants violated his rights under the United States Constitution, the Religious Land Use and Institutionalized Persons Act (RLUIPA), the Americans with Disabilities Act (ADA), the International Convention on the Elimination of All Forms of Discrimination and various state laws. The plaintiff has paid the $350.00 filing fee.

        Regardless of the plaintiff's fee status, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lack an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro*

2

*se* allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley*, 355 U.S. at 47); *see also Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for *pro se* prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson*, 362 F.3d at 970.

The plaintiff was in the custody of the Wisconsin Department of Corrections (DOC) at all times relevant. (Complaint [Compl.] at 1). Defendant James Doyle is the Governor of the State of Wisconsin. (Compl. at 2). Defendant Angela Russell is defendant Doyle's Agency Oversight Liaison. *Id*. Defendant Lenard Wells is the Chairperson of the Wisconsin Parole Commission (WPC). *Id*. Defendant James Hart is the Parole Commissioner and a WPC member. *Id*.

The complaint contains the following Summary of Claims section, which explains the basis for the plaintiff's lawsuit:

> This action comes before the Court because the defendants are, individually and collectively, utilizing parole procedures and regulations in plaintiff's parole hearings that continue to violate plaintiff's constitutional rights to due process and equal protections, and are being applied ex post facto to plaintiff.

3

> Said action is discriminatory, violates plaintiff's liberty of conscience and constitutes cruel and unusual punishment because plaintiff has a due process liberty interest in being subjected to lawful parole procedures. Said action[s] of the defendants violated plaintiff's First Amendment rights under the United States Constitution; his rights under the Religious Land Use and Institutionalized Persons Act [RLUIPA]; and his rights under the Americans with Disabilities Act. Plaintiff seeks relief that would invalidate the State parole procedures applied to plaintiff insofar as they are against the mandates of the United States constitution; plaintiff seeks declaratory and injunctive relief under Wilkinson v. Dotson. As a pendent State law claim, the actions of the defendants also violated their Oaths of Office for which plaintiff seeks trial by jury and allowable compensatory and punitive damages, suit tax, courts costs and attorneys fees against each of the defendants.

(Compl. at 5)(internal citations omitted).

**1.     Due Process Claims**

The plaintiff submits that his due process rights were violated when defendant Hart: (1) "pre-judged" the plaintiff's parole hearing; (2) failed to inform the plaintiff about his probable release date; (3) failed to follow WPC policies, rules and standards; (4) failed to give the plaintiff a meaningful hearing; (5) did not allow questions to be made part of the record; and (6) did not allow documents to be made part of the record. (Compl. at 3-4). Further, the plaintiff contends that defendant Hart based his decision to deny the plaintiff parole on several improper factors. *Id.* Prisoners may bring a § 1983 action challenging the constitutionality of state parole procedures. *Wilkinson v. Dotson*, 544 U.S. 74 (2005). To establish a due process violation, a prisoner must demonstrate that the state deprived him of a liberty or property interest created either by state law or the Due Process Clause itself. *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995). In Wisconsin, an inmate has a liberty

4

interest in parole only after he reaches his mandatory release date. *Id*. In the present case it is unclear whether the plaintiff has a liberty interest in his parole. However, because the court has been instructed to resolve all doubts in the plaintiff's favor, he may proceed on a due process claim.

**2.     Ex Post Facto Claims**

The plaintiff avers that the defendants have subjected him to ex post facto parole rules. (Compl. at 6). In particular, defendant Hart conducted the plaintiff's parole hearing according to the "rules, procedures and regulations in effect on April 27, 2006," instead of following the parole guidelines that were in effect when the plaintiff's crimes were allegedly committed. (Compl. at 3). The United States Constitution prohibits Congress and the states from enacting any ex post facto law. U.S. Const. art. I, § 9, cl.3; art. I, § 10, cl.1. An ex post facto law is one "which imposes a punishment for an act which was not punishable at the time it was committed, or imposes additional punishment to that then prescribed." *Weaver v. Graham,* 450 U.S. 24, 28 (1981). Statutes and regulations governing parole are "laws" for the purposes of this clause and states may not change their laws in ways that increase the punishment for earlier crimes. *Grennier v. Frank*, 453 F.3d 442 (7th Cir. 2006). Here, the plaintiff has alleged that defendant Hart denied the plaintiff parole based on rules that were enacted after the plaintiff's incarceration. Whether Hart's actions imposed any additional punishment remains to be seen. Accordingly, the plaintiff may proceed on an ex post facto claim.

5

### 3. RLUIPA and International Convention on the Elimination of All Forms of Discrimination Claims

The plaintiff also argues that the defendants are violating his rights under RLUIPA "because plaintiff believes he should be treated fairly and according to the law." (Compl. at 6). With regard to his RLUIPA claim, the plaintiff goes on to state that the defendants continue to deny him due process parole proceedings that conform to law in that:

> a. The procedure utilized was not in effect at the time of plaintiff's crime[s] – i.e. applying ex post fact rules to plaintiff.
>
> b. Plaintiff's documented disabilities under the Americans with Disabilities Act were not considered.
>
> c. The defendants' actions also violated the following Wisconsin Statutes:
>
>   i. 940.295 Abuse of Residents of a Penal Facility.
>   ii. 302.08 Humane Treatment of Prisoners
>   iii. 947.013 Harassment
>
> ...insofar as said actions have caused plaintiff mental anguish and sleepless nights because plaintiff believed he would be subjected to the parole rules in effect at the time of his alleged offense[s] and because the defendants have not informed plaintiff of what he must do under the new ex post facto rules applied to gain a parole.

*Id*.

RLUIPA, 42 U.S.C. § 2000cc-1, prohibits prisons that receive federal funding from substantially burdening an inmate's religious exercise unless the step in question is the least restrictive way to advance a compelling state interest. *See Borzych v. Frank*, 439 F.3d 388, 390 (7th Cir. 2006). The plaintiff's reference to RLUIPA is perplexing because his

6

complaint does not mention a religion or discrimination on the basis of any disability. Thus, he may not proceed on a claim predicated on RLUIPA.

The plaintiff also mentions the mandates of the International Convention on the Elimination of All Forms of Discrimination. The International Conventional on the Elimination of all Forms of Racial Discrimination, a treaty that was ratified by the United States in 1994, is also not applicable in this case. *See Grutter v. Bollinger*, 539 U.S. 306, 344 (2003) (Ginsburg, J., concurring). Accordingly, this claim is also dismissed.

### 4. Equal Protection Claim

The plaintiff asserts that the defendants violated his rights under the equal protection clause of the Fourteenth Amendment because their decision to deny him parole is "discriminatory." *Id*. (Compl. at 5). Although lawful imprisonment deprives prisoners of many rights, it does not strip them of the right to equal protection of the laws. *Williams v. Lane*, 851 F.2d 867, 881 (7th Cir. 1988) ("Prisoners do not surrender their rights to equal protection at the prison gate"). "In the prison context, the Equal Protection Clause of the Fourteenth Amendment requires inmates to be treated equally, unless unequal treatment bears a rational relation to a legitimate penal interest." *May v. Sheahan*, 226 F.3d 876, 882 (7th Cir. 2000). Here, it is unclear whether the defendants have treated the plaintiff differently than other inmates seeking parole. However, construing the complaint in the light most favorable to the plaintiff, he has stated a Fourteenth Amendment equal protection claim.

### 5. ADA Claims

The plaintiff advances that he has been discriminated against because he is bi-polar and has a drug and alcohol problem. (Compl. at 6). Title II of the ADA, 42 U.S.C. § 12131 *et seq.*, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." Because the plaintiff's claimed diagnoses may constitute a disability, the court will permit the plaintiff to proceed on a claim under Title II of the ADA.

### 6. State Law Claims

The plaintiff asserts that the defendants violated various state laws, including Wis. Stat. § 940.295, Wis. Stat. § 302.06 and Wis. Stat. § 947.013, and in doing so caused him "mental anguish and sleepless nights." (Compl. at 6). Courts may exercise supplemental jurisdiction over claims so related to claims in an action that they form part of the same case or controversy. 28 U.S.C. §1367(a); *see also Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500 (7th Cir. 1999)(district courts have the discretion whether to retain or refuse jurisdiction over state law claims). Wis. Stat. §§ 940.295 and 947.013 are criminal statutes. Notably, "the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case." *United States v. Nixon*, 418 U.S. 683, 693 (1974). Further, a private citizen, such as the plaintiff, has no standing to sue based on any interest in prosecution of another. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

8

Section 302.06 sets forth the sheriff's responsibility to deliver convicted persons to state prisons. A review of the complaint reveals that it lodges no allegations against the sheriff. Further, the plaintiff has not made any accusations that his delivery to state prison was somehow deficient. In light of the foregoing, the court declines to exercise supplemental jurisdiction over the plaintiff's claims under Wis. Stat. §§ 940.295, 947.013 and 302.06. Thus, the plaintiff may not proceed on any state law causes of action.

**7.  Personal Involvement**

The plaintiff has named James Doyle and Angela Russell as defendants. (Compl. at 1). However, the complaint fails to state facts indicating either Doyle or Russell's direct, personal involvement, as required by *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Nor has the plaintiff provided any facts showing that the alleged violation of his constitutional rights occurred at Doyle or Rusell's direction or with their knowledge and consent. *Id.* "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. See *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. *Id.* Accordingly, defendants Doyle and Russell will be dismissed from this action.

**8.    Plaintiff's Requests for Parole Hearing Recording and Transcript**

On September 5, 2006, the plaintiff asked the court to order the defendants to refrain from destroying the recording of his April 27, 2006, parole hearing. He also requests that the court add the tape "as an attachment to" the present case. (Pl.'s Sept. 5, 2006, Mot. to Produce at 2). In support of his demands, the plaintiff cites Wis. Admin. Code § PAC 1.06, which provides in part:

> The inmate interview shall be recorded, and the recording shall be retained for 6 months following the interview. A transcript shall be prepared only upon an order of the court which has granted a petition for judicial review of the parole decision.

As noted, the plaintiff has been permitted to proceed on several claims related to his parole interview. Further, it appears that there is a risk that the defendants may destroy the recording of this proceeding. For these reasons, the court is persuaded that an order directing the defendants to refrain from destroying the recording is necessary. Thus, the defendants are hereby ordered to preserve the recording of the plaintiff's April 27, 2006, parole hearing.

As to the plaintiff's request to add the recording of the parole hearing to the case file, the plaintiff is advised that he will in the future have the opportunity to conduct discovery. This means that he may obtain from the defendants information "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b). He may then submit this information to the court for consideration. If he has difficulty obtaining from the defendants a recording of his parole hearing, or any other relevant information, the plaintiff may request assistance from the court. Thus, the plaintiff's

10

September 5, 2006, motion shall be granted in part and denied in part as described herein.

On September 22, 2006, the plaintiff also requested that the defendants be ordered to preserve the recording of his parole hearing. (Pl.'s Sept. 22, 2006, Mot. to Preserve Evidence and Provide Transcript of Parole Hearing). Further, he asks that the defendants be required to provide him a transcript of the same proceeding. *Id*. As discussed, the defendants have been ordered to refrain from destroying the recording of the plaintiff's April 27, 2006, parole interview.

With respect to the plaintiff's request for a transcript of his parole proceedings, his demand will be denied without prejudice. If, as this case proceeds, the need for a transcript of the parole interview seems clear, the plaintiff may renew his request for such transcript. In sum, the plaintiff's September 22, 2006, motion will be granted in part and denied in part as described herein.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion to produce (Doc. #6) is **granted in part and denied in part** as described herein; specifically, the defendants are ordered to preserve the recording of the plaintiff's April 27, 2006, parole hearing;

**IT IS FURTHER ORDERED** that the plaintiff's motion to preserve evidence and provide a transcript (Doc. # 7) is **granted in part and denied in part** as described herein; specifically, the defendants are ordered to preserve the recording of the plaintiff's

11

April 27, 2006, parole hearing;

**IT IS FURTHER ORDERED** that the plaintiff serve upon each defendant a copy of the complaint, a waiver of service form, and/or the summons, and a copy of this order.

**IT IS ALSO ORDERED** that defendants James Doyle and Angela Russell are dismissed for lack of personal involvement.

**IT IS ORDERED** that the defendants shall file a responsive pleading to the plaintiff's complaint.

**IT IS ORDERED** that copies of this order be sent to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 5th day of October, 2006.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA
Chief Judge**