UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**TY SCHISSEL,**

        **Plaintiff,**

        **-vs-**                    **Case No.   06-C-0722**

**LENARD WELLS and JAMES HART,**

        **Defendants.**

## DECISION AND ORDER

Plaintiff, Ty Schissel, a state prisoner at all times relevant, filed this *pro se* civil rights action and is proceeding *in forma pauperis*. This matter comes before the court on the defendants' motion to dismiss, the defendants' motion for summary judgment, the plaintiff's motion for extension of time and a motion for joinder filed by Inmate Jesse Swinson. All applications will be addressed herein.

### I. DEFENDANTS' MOTION TO DISMISS

On November 29, 2006, the defendants filed a motion to dismiss the plaintiff's due process claim. As grounds for their request, the defendants state that the plaintiff has no protected liberty interest in parole. In response, the plaintiff asserts that he has been subjected to ex post facto parole regulations.

**A.      Standard of Review**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *See* Fed.R.Civ.P. 12(b)(6). To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a short and plain statement of the claim showing that he is entitled to relief. *Erickson v. Pardus*, 127 S. Ct. 2197, *8 (U.S. June 4, 2007)(citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (U.S. May 21, 2007)). It is not necessary for the plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Bell Atlantic Corp.*, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

For the purposes of a motion to dismiss, the facts in the complaint are assumed to be true. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 504, 508 n.1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). However, the plaintiff is obligated to provide more than labels and conclusions and a "formulaic recitation of the elements of a cause of action's elements will not do[.]" *Bell Atlantic Corp.*, 127 S. Ct. at 1964. Rather, the complaint allegations "must be enough to raise a right to relief above the speculative level[.]" *Id*.

**B.     Complaint Averments**

With respect to his due process claim, the plaintiff states that he was deprived of a protected liberty interest when he was denied parole at his April 27, 2006, parole hearing. (Complaint [Compl.] at 3). According to the plaintiff, this hearing was

2

constitutionally deficient for various reasons, including: (1) he was not informed of his anticipatory release date; (2) he was told that he could not enter any treatment programs until 14 months prior to his mandatory release date; (3) he was not allowed to enter documents into the record; (4) the defendants refused to answer his questions relating to parole procedure; (2) the defendants relied on unwritten rules to deny him parole; (6) the defendants did not sign off on his hearings; (7) the defendants denied him parole based on false information in his file; and (8) the defendants are biased due to their relationship with the Wisconsin Department of Corrections (DOC). *Id*. at 3-5.

The plaintiff was convicted of various crimes, including theft, bail jumping and attempted armed robbery, in January and June of 1999. (Compl. Ex. A). His mandatory release date is April 10, 2012. (Compl. Ex. D:1-2; Ex. E).

**C.**     **Discussion**

The defendants assert that the plaintiff's due process claim should be dismissed because he does not have a protected liberty interest in his parole. The protections of the Due Process Clause are only triggered if state action implicates a constitutionally protected interest in life, liberty, or property. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 570-71 (1972). Thus, it follows that a plaintiff cannot under section 1983 complain of procedural due process violations unless the state has first deprived him of such a constitutionally protected interest. *Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989); *Williams v. Ramos*, 71 F.3d 1246, 1248-49 (7th Cir. 1995)("When a plaintiff brings

3

an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in life, liberty or property without due process of law.").

Wisconsin's mandatory release statute, Wis. Stat. Ann. § 302.11, clearly creates such a protected liberty interest in *mandatory* parole. *Felce v. Fiedler*, 974 F.2d 1484, 1491 (7th Cir. 1992)(emphasis added). However, a liberty interest arises only after an inmate has served two-thirds of his sentence, also known as his mandatory release date. *Id*.

In the present case, the plaintiff's mandatory release date is April 10, 2012. Because he has only a hope, as opposed to a protected "expectation of release," the plaintiff has failed to allege the infringement of a constitutionally protected right. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 11-12 (1979)(prisoners have a liberty interest in parole only if the state through its statutes creates an expectation, rather than a mere chance, of being granted parole). Hence, the court will grant the defendants' motion to dismiss.

## II. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

On March 16, 2007, the defendants filed a motion for summary judgment, asserting that this action should be dismissed because they are absolutely immune from any claims for damages. In the alternative, the defendants contend that summary judgment is warranted because their decision to deny the plaintiff parole did not violate his constitutional rights or the Americans with Disabilities Act (ADA).

4

**A.      Preliminary Matters**

By order dated October 5, 2006, the plaintiff's complaint was screened under 28 U.S.C. § 1915A(a) and he was permitted to proceed on various constitutional claims. The plaintiff has requested monetary damages as well as injunctive and declaratory relief. However, the parties have not addressed the demands for injunctive and declaratory relief. Therefore, the court construes the defendants' motion as one for partial summary judgment.

**B.      Standard of Review**

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some factual dispute does not defeat a summary judgment motion; "the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). For a dispute to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." *Id*. For the fact to be material, it must relate to a dispute that "might affect the outcome of the suit." *Id*.

Although summary judgment is a useful tool for isolating and terminating factually unsupported claims, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986), courts should act with caution in granting summary judgment, *Anderson*, 477 U.S. at 255. When the evidence presented shows a dispute over facts that might affect the outcome of the suit

5

under governing law, summary judgment must be denied. *Id*. at 248.

The moving party bears the initial burden of demonstrating that he is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 323. Where the moving party seeks summary judgment on the ground that there is an absence of evidence to support the nonmoving party's case, the moving party may satisfy its initial burden simply by pointing out the absence of evidence. *Id*. at 325. Once the moving party's initial burden is met, the nonmoving party must "go beyond the pleadings" and designate specific facts to support each element of the cause of action, showing a genuine issue for trial. *Id*. at 323-24. Neither party may rest on mere allegations or denials in the pleadings, *Anderson*, 477 U.S. at 248, or upon conclusory statements in affidavits, *Palucki v. Sears, Roebuck & Co.*, 879 F.2d 1568, 1572 (1989).

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, it is "not required to draw every conceivable inference from the record - only those inferences that are reasonable." *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991).

**C.      Relevant Undisputed Facts**

The plaintiff is currently incarcerated at Jackson Correctional Institution. (Pl.'s Letter of July 5, 2007). At all times relevant to this action, defendant James Hart was employed as a member of the Wisconsin Parole Commission (WPC) and defendant Lenard

6

Wells was employed as the Chairperson of the WPC. (Affidavit of James Hart [Hart Aff.] ¶ 1; Affidavit of Lenard Wells [Wells Aff.] ¶ 1).

In the course of their duties, defendants Hart and Wells have become familiar with the procedures and policies of the WPC. (Hart Aff. ¶ 2; Wells Aff. ¶ 2). While the WPC has statutory parole granting authority, defendant Wells, as the WPC Chairperson, has final parole granting authority. (Wells Aff. ¶ 3).

In the course of defendant Hart's duties as a WPC member, he conducted a parole interview with the plaintiff on April 27, 2006. (Hart Aff. ¶ 4 Ex. B).[1] The hearing concerned discretionary parole. (Hart Aff. ¶ 9). On April 27, 2006, defendant Hart held that the plaintiff's parole consideration should be deferred for twelve months, until January, 2007, effectively denying the plaintiff a grant of discretionary parole. (Hart Aff. ¶ 12 Ex. B; Compl. ¶ 24).

As grounds for his decision, defendant Hart relied on the discretionary parole factors set forth in Wis. Admin. Code § PAC 1.06(7). (Hart Aff. ¶ 7).[2] Defendant Hart denied the plaintiff parole because he determined that the plaintiff had not served sufficient time and because he presented an unreasonable risk to the public. (Hart Aff. ¶¶ 13, 15).

---

[1] Defendant Hart was previously scheduled to conduct a parole interview with the plaintiff in January, February and March, 2006, but was unable to do so because the plaintiff was in temporary lock up. (Hart Aff. ¶ 6).

[2] Under this provision, a recommendation for parole can be made only after the inmate has: (1) become parole eligible under Wis. Stat. § 304.06 and Wis. Admin. Code § PAC 1.05; (2) served sufficient time so that release would not depreciate the seriousness of the offense; (3) demonstrated satisfactory adjustment to the institution and program participation at the institution; (4) developed an adequate parole plan; and (5) reached a point at which, in the judgment of the commission, discretionary parole would not pose an unreasonable risk to the public.

7

While defendant Wells was the WPC Chairperson, he did not personally conduct any parole interviews with the plaintiff. (Wells Aff. ¶ 10). Under Wis. Admin. Code § PAC 1.06(2), defendant Wells was required to approve a deferral of an inmate's parole consideration only when the deferral was for a period of more than twelve months. (Wells Aff. ¶ 11).

**D.        Discussion**

As an initial matter, the defendants contend that the plaintiff's damages claims should be dismissed under the doctrine of absolute immunity. It is well established that judges are entitled to absolute immunity from damages for their judicial conduct. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Forrester v. White*, 484 U.S. 219, 225-29 (1988). Such immunity has been extended to apply to "quasi-judicial conduct" of "non-judicial officials whose official duties have an integral relationship with the judicial process." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986).

Most circuits, including the Seventh Circuit, have held that parole board members are absolutely immune from suit for their decisions to grant, deny or revoke parole. *Walrath v. United States*, 35 F.3d 277, 281-82 (7th Cir. 1994). For these officers, whose conduct is "functionally comparable" to those of judges, *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993), the rationale for applying absolute immunity is much the same as for judges: that officials making quasi-judicial decisions should be free of "the harassment and intimidation associated with litigation." *Kincaid v. Vail*, 969 F.2d 594, 600-01 (7th Cir.

8

1992)(quoting *Burns v. Reed*, 500 U.S. 478, 494 (1991)).

The plaintiff alleges that defendants Hart and Wells violated his due process and equal protection rights as well as the Ex Post Facto Clause and the ADA when they denied him parole. Inasmuch as the plaintiff's due process claim has been dismissed, the relevant inquiry is whether the defendants are absolutely immune from his remaining claims.

In the present case, it is undisputed that defendant Hart is a member of the WPC. In the course of his duties, defendant Hart conducted a parole interview with the plaintiff on April 27, 2006. Defendant Hart reviewed the statutory parole factors to determine whether the plaintiff should be granted discretionary parole. The plaintiff's parole was deferred because defendant Hart found that he had not served enough of his sentence and because he posed an unreasonable risk to the public.

Based on the foregoing, it is clear that the plaintiff's claims against defendant Hart focus on his decision to deny the plaintiff parole, which falls squarely into the type of conduct protected under the doctrine of absolute immunity. *See Walrath*, 35 F.3d at 281-82. Additionally, defendant Hart's decision to deny the plaintiff parole qualifies as conduct that is "functionally comparable" to that of judge. *See Antoine,* 508 U.S. at 436. For these reasons, defendant Hart is entitled to absolute immunity from the plaintiff's claims for damages.

With respect to defendant Wells, it is undisputed that he did not personally

9

participate in the plaintiff's April 27, 2006, parole hearing. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Here, the plaintiff has failed to set forth any facts showing that Wells was personally responsible for the alleged wrongdoing. *See id; see also Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Nor has the plaintiff provided any facts showing that the alleged violation of his constitutional rights occurred at defendant Wells' direction or with his knowledge and consent. *See Gentry,* 65 F.3d at 561. Therefore, to the extent the plaintiff seeks monetary damages, his claims against defendant Wells must be dismissed.

However, the plaintiff also seeks injunctive and declaratory relief. As to his request for injunctive relief, the plaintiff has asked for: (1) an order recusing the current parole board; (2) appointment of a new board or substitute this court for the new board; (3) a new parole hearing; and (4) an injunction requiring the defendants to comply with the constitution for all of the plaintiff's future parole hearings. (Compl. at 7-8). When considering whether to grant a preliminary injunction, the court must first consider "whether the moving party has demonstrated: (1) a reasonable likelihood of success on the merits; and (2) no adequate remedy at law and irreparable harm if preliminary relief is denied." *Aircraft Owners & Pilots Ass'n v. Hinson*, 102 F.3d 1421, 1424-25 (7th Cir. 1996)(internal citations omitted). If the moving party has demonstrated those items to the satisfaction of the court,

10

then it must look at: (3) the irreparable harm the non-moving party will suffer if the injunction is granted balanced against the irreparable harm the moving party will suffer if the injunction is denied; and (4) the public interest, i.e., the effect that granting or denying the injunction will have on non-parties. *Id.* The Court of Appeals for the Seventh Circuit has adopted a sliding scale approach where the greater the movant's chances of success on the merits, the less he must show that the balance of hardships tips in his favor. *Ty, Inc. v. Jones Group*, 237 F.3d 891, 895-96 (7th Cir. 2001).

With respect to his demand for declaratory relief, the plaintiff asks that this court: (1) declare that the Wisconsin Parole Commission is not a totally independent tribunal; and (2) declare that the plaintiff is entitled to an immediate parole hearing. (Compl. at 7). The primary purpose of the Declaratory Judgment Act, 28 U.S.C. § 2101, is to avoid the accrual of avoidable damages and minimize the danger of avoidable loss. *Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165, 1168-69 (7th Cir. 1969); *see also Friedman v. Geller*, 925 F. Supp. 611, 613 (E.D. Wis. 1996) ("Declaratory judgment actions prevent a party from using the threat of a suit to create a Hobson's choice for an adversary."). If traditional remedies provide a party with the safeguards required by the law to insure the availability of a proper remedy, the court may, in the exercise of its discretion, properly dismiss a declaratory judgment claim. *Cunningham*, 407 F.2d at 1169. Moreover, a court ought not grant declaratory relief unless there is an actual, "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a

11

declaratory judgment." *Oneida Tribe of Indians v. State of Wisconsin*, 952 F.2d 757, 760 (7th Cir. 1991)(quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

For reasons that are unclear, the parties have not addressed the plaintiff's requests for declaratory and injunctive relief. Therefore, the court requests that the parties brief what remains of these claims. The parties' submissions are due on or before **August 31, 2007.**

### III. PLAINTIFF'S MOTION FOR EXTENSION OF TIME

On June 11, 2007, the plaintiff filed a motion for extension of time to respond to the defendants' reply. As grounds for his assertion, the plaintiff states that the he requires additional time to "reiterate the issues presented to the Court" concerning his due process argument. (Mot. for Extension of Time at 1). As discussed above, the plaintiff's due process claim is dismissed. Thus, the plaintiff's motion for extension of time will be denied as moot.

### IV. MOTION FOR JOINDER

On June 14, 2007, Jesse Swinson, a state inmate, filed a motion to be joined as a plaintiff in this action. As grounds for his request, Inmate Swinson avers that he will "suffer irreparable harm if a negative ruling is rendered by this court." (Mot. for Joinder at 2). Federal Rule of Civil Procedure 20 provides that, "[a]ll persons may join in one action as plaintiffs if they assert any right to relief...arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all these

12

persons will arise in the action."

In addition to these requirements, the court may consider "other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness." *Intercon Research Assoc., Ltd. v. Dresser Indus., Inc.*, 696 F.2d 53, 58 (7th Cir. 1987)(quoting *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (7th Cir. 1980)). If joinder would create "prejudice, expense or delay," the court may deny the motion. Charles Alan Wright, et al., *Federal Practice and Procedure* § 1652 at 376 (2001).

Here, inmate Swinson does not allege that the defendants denied him parole, thereby violating his constitutional rights. Rather, he was given an indeterminate sentence, which means that he may not necessarily be subjected to a parole board/commission review prior to a grant of parole. Thus, inmate Swinson has failed to demonstrate that his claim arises out of the same transaction as the one currently at issue. *See* Fed.R.Civ.P. 20. Moreover, adding Inmate Swinson as a plaintiff at this late stage of the case would unnecessarily delay the proceedings. This action has been pending for nearly one year and the parties have already conducted discovery and filed dispositive motions. For these reasons, Inmate Swinson's motion for joinder will be denied.

As a final matter, the plaintiff has filed a document entitled "Plaintiff's Objection to Court Order Dated April 23, 2007." The plaintiff filed his motion pursuant to Federal Rule of Civil Procedure 46, which sets forth the procedure to object to court rulings

13

and issues at trial. No trial has taken place in this action. Therefore, as best the court can tell, the plaintiff seeks reconsideration of this court's April 23, 2007, decision and order.

A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984)). While it is true that any nonfinal decision or order is subject to revision at any time before the entry of judgment, Fed. R. Civ. P. 54(b), such revisions are discouraged. "A court has the power to revisit prior decisions of its own . . . in any circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California,* 460 U.S. 605, 618 n.8 (1983)). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *United Air Lines, Inc. v. ALG, Inc.*, 916 F. Supp. 793, 795 (N.D. Ill. 1996).

The plaintiff does not assert that the order of April 23, 2007, contained a manifest error of law or fact and he has not presented newly discovered evidence. Instead, he seeks to re-argue his prior motion for reconsideration, motion to appoint counsel, motion for joinder, motion for declaratory judgment and motion to amend the complaint, all of which were carefully considered and denied. Accordingly, the plaintiff's request for reconsideration will be denied.

14

**IT IS THEREFORE ORDERED** that the defendants' motion to dismiss (Docket # 29) is **granted.**

**IT IS FURTHER ORDERED** that the defendants' motion for partial summary judgment (Docket # 59) is **granted.**

**IT IS ORDERED** that the plaintiff's motion for extension of time (Docket # 89) is **denied as moot.**

**IT IS ORDERED** that the motion for joinder filed by Inmate Swinson (Docket # 90) is **denied.**

**IT IS ORDERED** that the parties shall brief what remains of the plaintiff's requests for injunctive and declaratory relief. The parties' submissions are due on or before **August 31, 2007.**

**IT IS ORDERED** that the plaintiff's request for reconsideration (Docket # 84) is **denied.**

Dated at Milwaukee, Wisconsin, this 19th day of July, 2007.

**SO ORDERED,**

s/ Rudolph T. Randa

**HON. RUDOLPH T. RANDA**
**Chief Judge**

15