# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TY SCHISSEL,

        Plaintiff,

-vs-                                      Case No. 06-C-0722

LENARD WELLS and JAMES HART,

        Defendants.

# DECISION AND ORDER

Plaintiff, Ty Schissel, a state prisoner at all times relevant, filed this *pro se* civil rights action and is proceeding *in forma pauperis*. This matter comes before the court on the following applications: (1) the defendants' motion to file excess pages; (2) the plaintiff's motion for sanctions; (3) the plaintiff's motion for an extension of time; (4) the plaintiff's motion to consolidate; and (5) the plaintiff's requests for judicial notice.

**1.    Defendants' Motion to File Excess Pages**

By order dated July 19, 2007, the defendants' motion to dismiss was granted and the plaintiff's due process claim was dismissed. That same day, the defendants' partial motion for summary judgment was granted because the court found that defendant Lenard Wells was absolutely immune to the plaintiff's claim for damages and defendant James Hart was not personally involved in the alleged wrongdoing. However, because the plaintiff's requests for declaratory and injunctive relief were overlooked, the court refrained from entering judgment dismissing the case and ordered the parties to brief what remains of the plaintiff's claims.

The defendants have requested leave to file a 31-page brief to address the claims remaining in this action. As grounds for their request, the defendants state that they need additional space to adequately discuss their defenses. The Local Rules provide that principal briefs are not to exceed thirty pages, except by permission of the court. *See* Civil L.R. 7.1(f) (E.D. Wis.). However, the court is satisfied that the reason underlying the defendants' request demonstrates that additional pages are warranted. Therefore, the defendants' motion to file excess pages will be granted.

**2.     Plaintiff's Motion for Sanctions**

On September 13, 2007, the plaintiff filed a motion for sanctions. Specifically, he alleges that the defendants' August 23, 2007, brief perpetuates a fraud on the court because: (1) there are certain administrative rules that "govern the ERA" of the crimes at issue; (2) since 1978 the Wisconsin legislature has required the Wisconsin Department of Corrections to promulgate administrative rules; (3) Wis. Stat. § 57.06 is an enabling statute for defining parole eligibility and procedures; (4) the defendants devised a system that has been used to "administratively re-sentence" the plaintiff; (5) the defendants have ignored the ex post facto and bill of attainder implications in this case; and (6) the plaintiff's rights may not be foreclosed by a change of attitude in the entities that administer parole. (Pl.'s Mot. for Sanctions at 1).

Federal Rule of Civil Procedure 11(b) requires a party to certify that any paper presented to the court is not being used for any improper purpose and that any claims or defenses are warranted by existing law. In essence, Rule 11 "establishes duties to both the opposing side and the legal system as a whole that are designed to curb needless expense and delays and to free the courts from litigation that strains scarce judicial resources." *East St. Louis v. Circuit*

*Court for Twentieth Judicial Circuit*, 986 F.2d. 1142, 1143 (7th Cir. 1993) (citing *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 932 (7th Cir. 1989) (en banc)). Under Rule 11, sanctions may "consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." *Methode Elecs., Inc. v. Adam Techs., Inc.,* 371 F.3d 923, 296 (7th Cir. 2004).

In the present case, the defendants argue that the plaintiff is not entitled to declaratory and injunctive relief as to his ex post facto, equal protection and ADA claims. For example, the defendants assert that the plaintiff is not entitled to injunctive relief on his ex post facto count because he has not demonstrated a likelihood of success on the merits of this claim. Additionally, the defendants assert that the plaintiff cannot obtain declaratory relief because he cannot show that any federal right of his has been, or will be, violated by the defendants.

In support of his assertion that the defendants should be sanctioned, the plaintiff has submitted documents from *State of Wisconsin ex rel. Jesse Hardy Swinson v. James Hart, et al.,* 2007 WI App 1268 (Wis. Ct. App. filed May 22, 2007), a petition for certiorari review filed by inmate Jesse Hardy Swinson. In that case, inmate Swinson challenged the Wisconsin Parole Commission's decision to deny his request for parole. Careful review of these documents reveals that they do not address the arguments advanced by the defendants in their brief. Moreover, the plaintiff has not shown that the defendants' brief was filed for an improper purpose or that their defenses are not warranted by existing law. *See* Fed.R.Civ.P. 11(b). Accordingly, the plaintiff's motion for sanctions will be denied.

### 3.     **Plaintiff's Motion for Extension of Time**

On October 1, 2007, the plaintiff filed a motion for an extension of time in which to file a reply to his August 30, 2007, request for judicial notice. Fed.R.Civ.P. 6(b) states in relevant part,

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect[.]

The defendants filed a response to the plaintiff's request on September 7, 2007. Under the Local Rules, the plaintiff's reply was due on or before September 22, 2007. *See* Civil L.R. 56.2(c)(E.D. Wis.). However, the plaintiff did not file a reply until October 15, 2007.

As grounds for his request for an extension of time, the plaintiff states: (1) he lacks formal legal training; (2) he is being assisted by another prisoner who has limited access to legal research materials; (3) he did not receive the defendants' response until September 17, 2007; (4) the defendants have raised substantial issues that require extensive research; and (5) he believes that he is entitled to redress. Based on the foregoing, the court is satisfied that the reasons underlying the plaintiff's request justifies an extension of time. Therefore, the plaintiff's motion for an extension of time will be granted.

**4.    Plaintiff's Motion for Consolidation**

On October 30, 2007, the plaintiff filed a motion to consolidate this action with his other civil rights case, *Schissel v. Casperson*, No. 06-C-747 (E.D. Wis.). Rule 42 (a) of the Federal Rules of Civil Procedure provides,

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Consolidation is permitted as a matter of convenience and judicial economy, and the court is given broad discretion to determine whether consolidation is appropriate. *Fleishman v. Prudential-Bache Securities, Inc.,* 103 F.R.D. 623, 624 (E. D. Wis. 1984). The fact that a common question of law exists does not, however, justify consolidation in the absence of other facts which would promote trial convenience and economy in administration. *Lyons v. Andersen,* 123 F. Supp. 2d 485, 487 (N.D. Iowa 2000)(citing *Prudential Ins. Co. of America v. Marine Nat'l Exchange Bank*, 55 F.R.D. 436 E.D. Wis. 1972)). Moreover, consolidation is not warranted when the cases are in different phases of pretrial procedures. *Lyons*, 123 F. Supp. 2d at 487 (citing *Schact v. Javits*, 53 F.R.D. 321 (S.D.N.Y. 1971)). The party seeking consolidation has the burden of establishing that consolidation is appropriate. *See Fleishman*, 103 F.R.D. at 624.

The plaintiff asserts that consolidation is warranted for the following reasons: (1) both of his cases challenge the legality of parole procedures; (2) both cases involve a Program Review Action; (3) the defendants will not be prejudiced; and (4) consolidation will "stop the cycle of court decisions based on erroneous factual determinations." (Pl.'s Mot. to Consolidate

at 2). Counsel for the defendants in this case opposes consolidation on grounds that the claims are not similar and consolidation would provide little or no benefit because there are summary judgment motions pending in both cases.

In the present case, the plaintiff was permitted to proceed on due process, ex post facto, equal protection, and ADA claims against defendants Lenard Hart and James Wells. Specifically, the plaintiff alleges that: (1) defendant Hart failed to follow the proper procedures when conducting the plaintiff's parole hearing; (2) defendant Hart failed to conduct the parole hearing in accordance with the guidelines that were in effect when the plaintiff's crimes were committed; (3) the defendants discriminated against the plaintiff when denying him parole; and (4) the defendants denied the plaintiff parole because he is bi-polar and has a drug and alcohol problem. As discussed, the plaintiff's due process and personal capacity claims against defendants Hart and Well have been dismissed. Therefore, the only claims that remain are his requests for declaratory and injunctive relief.

In *Schissel v. Casperson*, Case No. 06-C-747, the plaintiff is proceeding on an equal protection claim against defendants Steven B. Casperson, Richard Verhagen, Patrick Lynch and Ms. Nicholai. In particular, the plaintiff alleges that other prisoners get security overrides to go to lesser security institutions ahead of schedule while the plaintiff does not. Currently pending in *Schissel v. Casperson* is the defendants' first motion for summary judgment.

The plaintiff's cases are in different phases of pretrial procedures. *See Lyons*, 123 F. Supp. 2d at 487. Moreover, the cases do not share a common issue of law. *See* Fed.R.Civ.P. 42(a)*; cf. Ikerd v. Lapworth*, 435 F.3d 197, 204 (7th Cir. 1970)(holding that consolidation is appropriate where cases involved common questions of fact and some identical questions of

law). Finally, although the plaintiff avers that his cases involve common questions of fact because "the defendants brought the Program Review Action into [Schissel v. Hart, No. 06-722] by referencing the classification system and grounding their objection on error of fact and law," (Pl.'s Mot. to Consolidate at 1), this, alone, does not persuade the court that the cases share a common fact issue. Therefore, the plaintiff's motion for consolidation will be denied.

### 5. Plaintiff's Requests for Judicial Notice

On August 30 and November 7, 2007, the plaintiff asked the court to take judicial notice of certain documents. The court will address these requests in turn.

**August 30, 2007, Request for Judicial Notice**

The plaintiff requests that he be permitted to supplement the record or, in the alternative, that the court take judicial notice of ten documents.[1] Inasmuch as the Federal Rules do not provide for a motion to supplement the record, and the plaintiff specifically asks the court to take judicial notice of his documents, his request properly arises under Federal Rule of Evidence 201.

Rule 201 permits a court to take judicial notice of adjudicative facts. Adjudicative facts are those developed in a particular case. *United States v. Bowers*, 660 F.2d 527 (5th Cir. 1981). To be judicially noticeable, an adjudicative fact must be one either generally known within the territorial jurisdiction of the court or one that is capable of accurate and ready determination. Fed.R.Evid. 201(b). Additionally, any potentially noticeable fact must be relevant to the case. *Opoka v. Immigration and Naturalization Service*, 94 F.3d 392, 394 (7th Cir. 1996)(holding that

---

[1]The court notes that the plaintiff has not set forth the rule pursuant to which his request is made, which is an independent ground for denial of his request. *See* Civil Local Rule 7.1 (E.D. Wis.).

the court may take judicial notice of the decisions of courts and administrative agencies to the extent they are relevant).

In the present case, the plaintiff asks the court to take judicial notice of the following items: (1) a law review article authored by Professor Walter J. Dickey; (2) a parole commission action for inmate Eric Petersen; (3) an interview/information request for inmate Troy Schmidt; (4) the affidavit of inmate Bradley L. Taylor; (5) a program review committee summary for inmate Kevin Waiter; (6) a parole commission action and program review determination for inmate Harlan C. Richards; (7) correspondence from Fred W. Hinckle, Chairman of the Parole Board; (8) all the files, records and documents filed in *State of Wisconsin ex rel. Jesse Hardy Swinson v. James Hart, et al.,* Sheboygan County Case Number 06-CV-490; (9) all the files, records and documents filed in *Shaw v. Frank*, No. 05-C-0872 (E.D. Wis.)); and (10) that the United States is a signatory member of the American Convention on Human Rights.

As discussed above, the plaintiff's requests for declaratory and injunctive relief are the sole claims that remain to be decided. With respect to his request for injunctive relief, the plaintiff has asked for: (1) an order recusing the current parole board; (2) appointment of a new board or substitute this court as a new board; (3) a new parole hearing; and (4) an injunction requiring the defendants to comply with the constitution for all of the plaintiff's future parole hearings. For declaratory relief, the plaintiff requests that this court: (1) declare that the Wisconsin Parole Commission is not an independent tribunal; and (2) declare that the plaintiff is entitled to an immediate parole hearing.

After thoroughly reviewing the ten documents the plaintiff has submitted for judicial notice, the court is not persuaded that they are relevant to the issues remaining in this case. *See*

Fed.R.Evid. 401(b)("Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence). For example, the plaintiff asks the court to take judicial notice of all the files, records and documents filed in *Shaw v. Frank,* No. 05-872, in which the prisoner plaintiff has alleged: (1) that he was terminated from a prison treatment program in violation of the Equal Protection Clause; (2) the retroactive sexual treatment program requirement violates the Ex Post Facto Clause; (3) the defendants retaliated against him for filing complaints; and (4) the defendants violated his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA) and the Free Exercise Clause of the First Amendment. However, *Shaw v. Frank*, No. 05-CV-0872, along with the other documents that plaintiff has submitted for consideration, do not make the existence of any fact in the present case more probable or less probable. *See* Fed.R.Evid. 401(b) Thus, the plaintiff's August 30, 2007, request for judicial notice will be denied.

**November 5, 2007, Motion for Judicial Notice**

Next, the plaintiff asks the court to take judicial notice of "the nexus between plaintiff's parole commission action, dated October 23, 2007, and King v. New York State Div. of Parole." (Pl.'s Mot. for Judicial Notice at 1). Rule 201 allows a court to take judicial notice of the undisputed facts developed in a particular case. However, it does not permit a court to take judicial notice of the *application* of an undisputed fact to a particular case. *See Wooden v. Missouri Pacific R.R.*, 862 F.3d 860 (5th Cir. 1989)(the application of an indisputable fact to a case is subject to dispute and, therefore, not judicially noticeable); *United States v. Beasley*,

102 F.3d 1440 (8th Cir. 1996)(same). Therefore, the plaintiff's motion for judicial notice of the nexus between the *King* decision and this case will be denied.

As a final matter, the plaintiff's requests for declaratory and injunctive are fully briefed and ready for disposition. The parties are advised that a decision on the plaintiff's requests is forthcoming.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for sanctions (Docket #103) is **denied.**

**IT IS FURTHER ORDERED** that the defendants' motion to file excess pages (Docket #95) is **granted.**

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time (Docket #106) is **granted.**

**IT IS FURTHER ORDERED** that the plaintiff's motion to consolidate cases (Docket #111) is **denied.**

**IT IS FURTHER ORDERED** that the plaintiff's motion for judicial notice (Docket #114) is **denied.**

**IT IS FURTHER ORDERED** that the plaintiff's request for judicial notice (Docket #99) is **denied.**

Dated at Milwaukee, Wisconsin, this 16th day of November, 2007.

        **SO ORDERED,**

        **s/Rudolph T. Randa**
        **HON. RUDOLPH T. RANDA**
        **Chief Judge**